CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH M. STERN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00293 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF | ) | |
| VIRGINIA, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff Joseph M. Stern, #351436, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff alleges that defendants violated his constitutional rights by constructing the basketball court upon which he was injured on May 23, 2005. He seeks $75,000 in damages. Upon review of the record, the court concludes that plaintiff has not stated a claim upon which relief can be granted and, therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

In a document styled as an affidavit, dated April 23, 2007, which plaintiff submitted with the instant complaint, plaintiff avers that on May 23, 2005, he was confined pursuant to pending felony charges at the Campbell County Adult Detention Center, and that,

> at approximately 4:00 p.m., I was playing basketball, an authorized recreational activity, in the Cell Block C recreation yard. The outside recreation area consisted of a half-court basketball area which was constructed with a drainage grade directly under the basketball goal; said grade was approximately ten inches, with a lip which extended above the surface of the drain approximately one-half inch. On the aforesaid date and time, while participating in the authorized recreational activity, I [sic] foot caught on the lip of the drain, causing him [sic] to trip and stumble approximately four feet, and fall to the concrete surface. I attempted to break his [sic] fall by extending both hands out in front of him [sic] to avoid hitting his [sic]

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

head on the concrete. My left hand made contact with the concrete surface first and my wrist hyper flexed from the weight of my body, extending back so far that the back of my left hand was parallel to the back of my forearm, a range of 180 degrees, and causing Claimant extreme and excrutiating [sic] pain.

As a result of the acts and omissions of the officials responsible for said injuries, and the continuing pain and suffering to date. [sic] I have filed complaint after complaint and still have gotten no result. I have also exhausted my full administrative remedies available to my [sic] while under the Department of Corrections.

Plaintiff did not sign the complaint form. The envelope in which the complaint was transmitted is not postmarked; apparently, it was hand-delivered to the Clerk's office in the Lynchburg Division of the United States District Court for the Western District of Virginia on June 7, 2007. With his complaint, he submitted a letter, dated June 1, 2007, instructing the Clerk to "[p]lease find enclosed Civil Right [sic] Litigation I'm pursuing." Additionally, he submitted an inmate account report, dated May 31, 2007, certified by the Lynchburg Adult Detention Center's "Canteen Coordinator." He also submitted a verified statement and a statement of assets, both of which are dated June 1, 2007. In his verified statement, he declared that he had exhausted his administrative remedies by appealing to the highest available level of the administrative remedies procedures and that copies of the administrative record "are attached to this statement." However, no documentation of plaintiff's exhaustion of the administrative remedies procedures were submitted with the complaint. Instead, plaintiff submitted documents that purport to be a "Notice of Tort Claim" and a "Motion for Judgment" filed under the Virginia Tort Claims Act, alleging a claim

2

based on plaintiff's fall on the basketball court on May 23, 2005.[2, 3]

There is no federal statute of limitations applicable in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Additionally, the Supreme Court of the United States has recently recognized that, although it had "never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his

---

[2] This court is unable to verify that plaintiff has filed any Virginia Tort Claims Act complaint in the Circuit Court for the City of Lynchburg, as plaintiff's documents suggest.

[3] In both the "Notice of Tort Claim" and the "Motion for Judgment," plaintiff states that

> the approximate [sic] cause of the injury to his left writ was the failure of the officials for the Blue Ridge Regional Jail and Campbell County Adult Detention Center to maintain a safe and proper facility, in particular, the failure to properly and correctly construct and maintain the recreation area of Cell Block C, to remove obstruction which might cause inmates to fall and sustain serious and permanent injuries.

Plaintiff alleges no other basis for his claim, such as denial of medical care.

complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733, 735-36 (4th Cir. 1991). Accordingly, in Virginia § 1983 cases, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit. As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this action, the court may summarily dismiss the complaint as failing to state a claim upon which relief may be granted, pursuant to § 1915A. See Todd v. Baskerville, 712 F.2d 70 74 (4th Cir. 1983) (court may dismiss based on affirmative defense under predecessor statute).

After review of plaintiff's factual contentions, the court finds that plaintiff is barred from bringing suit under § 1983 because his claim arose more than two years prior to the date the complaint was filed. As the court has already observed, plaintiff submitted documents to this court that he signed and dated June 1, 2007; accordingly, the earliest date on which plaintiff could have filed his complaint is June 1, 2007.[4] Therefore, plaintiff's claim, which arose on May 23, 2005, is barred by the statute of limitations, is clearly no longer actionable under § 1983, and must be dismissed, pursuant to § 1915A, for failure to state a claim upon which relief may be granted.[5, 6]

---

[4] Had plaintiff delivered his complaint to jail officials for mailing on June 1, 2007, it would have been deemed filed on that date. See Lewis, 947 F.2d at 735. However, it appears that plaintiff's complaint was hand-delivered to the court on June 7, 2007. Nonetheless, the court will construe plaintiff's complaint as having been filed on June 1, 2007.

[5] Assuming, arguendo, that plaintiff's complaint had been timely filed, he would still fail to state a claim upon which relief may be granted. Plaintiff's complaint sounds in negligence and does not rise to the level of a federal constitutional violation. Mere negligence as to an inmate's safety is insufficient to state a constitutionally cognizable claim. Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. v. Gamble, 492 U.S. 97, 104 (1976). See also Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (explaining that the deliberate indifference standard for claims alleging inadequate medical care is also applicable when prison officials fail to

4

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 26th day of June, 2006.

/s/ Jack Coulle
United States District Judge

---

protect inmates from other sources of harm). Plaintiff's claim would arise, if at all, under state negligence laws, and does not present a colorable claim under § 1983. See Estelle, at 105-106.

[6] The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).